IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

TINA CANALEJO,

    Plaintiff,

v.                                                    Case No.:

GREAT EXPRESSIONS SPECIALTY
OF FLORIDA, P.A.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TINA CANALEJO, by and through Plaintiff's undersigned counsel, hereby brings this action against Defendant, GREAT EXPRESSIONS SPECIALTY OF FLORIDA, P.A., and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000.00 for violations of the Florida Whistleblower Act ("FWA"), 448.101 et seq., Fla. Stat., Florida Statutes, Section 440.205, and Family Medical Leave Act of 1993 ("FMLA").

2. Venue lies within Hillsborough County because the events giving rise to this claim arose in this Judicial District.

### PARTIES

3. Plaintiff is a resident of Hillsborough County, Florida.

4. Defendant is a corporation authorized and doing business in this Judicial District.

5. Defendant is an employer as defined by the law under which this action is brought and employs the required number of employees.

## GENERAL ALLEGATIONS

6. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obliged to pay them a reasonable fee for their services.

7. Plaintiff requests a jury trial for all issues so triable.

8. Plaintiff is an "employee" within the meaning of the statutes sued upon.

9. Defendant is an "employer" within the meaning of the statutes sued upon.

## FACTS

10. Plaintiff was formerly employed by Defendant from 2007 to until September 13, 2013.

11. In early August 2013 Plaintiff went to the doctor to receive treatment for a serious health condition, which was caused by mold at work. As a result of her serious health condition, Plaintiff was required to take leave from work. Plaintiff notified Defendant of her serious health condition and her need for leave. Nonetheless, Defendant failed to notify her of her FMLA rights and designate such leave as FMLA leave.

12. On or about August 14, 2013, Plaintiff complained of mold at the workplace and filed a workers' compensation benefits claim because the mold was making her sick.

13. On or about September 10, 2013, Plaintiff was informed by her workers compensation adjuster that her workers compensation claim was denied because Defendant failed to provide the necessary documentation related to Plaintiff's claim. He further stated Plaintiff's claim would be re-opened once Defendant provides the required documents.

14. Shortly thereafter, Plaintiff's employment was terminated, allegedly because Plaintiff was not "the right fit for the company."

15. Ultimately, Defendant's reason for Plaintiff's termination is pretext for Defendant's retaliation against Plaintiff for filing a workers' compensation claim and objecting to Defendant's unlawful practices, including violations of The Occupational Act of 1970 ("OSHA"), and/or for asserting her rights under the FMLA or to interfere with her FMLA rights.

### COUNT I – FMLA INTERFERENCE

16. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 15 of this Complaint as though fully set forth herein.

17. At all times relevant to the facts alleged in this Complaint, Plaintiff suffered from one or more serious health conditions pursuant to the FMLA.

18. Defendant interfered with Plaintiff's rights under the FMLA in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

19. Defendant's actions were willful and done with malice.

20. Plaintiff was injured due to Defendant's violations of the FMLA, to which Plaintiff is entitled to legal relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) The Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, enter a judgment pursuant to 29 U.S.C. Section

3

2617(a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses Plaintiff suffered as a direct result of Defendant's violation of the FMLA;

(f) Front pay;

(g) Liquidated Damages.

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## COUNT II – FMLA RETALIATION

21. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 15 of this Complaint as though fully set forth herein.

22. At all times relevant to the facts alleged in this Complaint, Plaintiff suffered from one or more serious health conditions pursuant to the FMLA.

23. Plaintiff exercised Plaintiff's rights under the FMLA.

24. Defendant retaliated against Plaintiff for attempting to and exercising Plaintiff's FMLA rights, including but not limited to Plaintiff's termination.

25. Defendant's actions were willful and done with malice.

26. Plaintiff was injured due to Defendant's violations of the FMLA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

4

(c) The Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, enter a judgment pursuant to 29 U.S.C. Section 2617(a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses Plaintiff suffered as a direct result of Defendant's violation of the FMLA;

(f) Front pay;

(g) Liquidated Damages.

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## COUNT III – WHISTLEBLOWER VIOLATIONS

27. Plaintiff realleges and readopts the allegations of paragraphs 1 through 15 of this Complaint as though fully set forth herein.

28. Plaintiff engaged in protected activity as defined by the FWA.

29. Plaintiff's employment was terminated by Defendant as a result of engaging in protected activity under the FWA.

30. Plaintiff was injured due to Defendant's violations of the FWA, to which he is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff requests that this Court:

5

a. Enter an injunction restraining continued violation of the FWA;

b. Direct Defendant to reinstate Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position;

c. Direct Defendant to reinstate Plaintiff's full fringe benefits and seniority rights;

d. Award compensation for lost wages, benefits, and other remuneration;

e. Award any other compensatory damages, including emotional distress, allowable by law; and

f. Award reasonable attorney's fees and costs to Plaintiff.

## COUNT IV – WORKERS' COMPENSATION RETALIATION

31. Plaintiff realleges and readopts the allegations of paragraphs 1 through 15 of this Complaint as though fully set forth herein.

32. Plaintiff engaged in protected activity in accordance with Florida's Workers' Compensation Act.

33. Plaintiff's employment was terminated by Defendant as a result of engaging in protected activity under Florida's Workers' Compensation Act.

34. Plaintiff was injured due to Defendant's violations of Section 440.205 of the Florida Statutes, to which he is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff requests that this Court:

a. Award compensation for lost wages, benefits, and other remuneration;

      b.      Award any other compensatory damages, including emotional distress, allowable at law; and

      c.      Award punitive damages.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 4th day of December, 2013.

Respectfully Submitted,

/s/ *signature*

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Direct No.: 813-379-2565
Main No.: 813-224-0431
Facsimile: 813-229-8712 Facsimile
E-mail: lcabassa@wfclaw.com
E-mail: mkimbrou@wfclaw.com
**Attorneys for Plaintiff**

7