UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TINA CANALEJO,

    Plaintiff,

v.                                                                                          CASE NO: 8:14-cv-17-T-26MAP

GREAT EXPRESSIONS SPECIALTY OF
FLORIDA, P.A.,

    Defendant.
_____/

**O R D E R**

Pending before the Court for resolution is Plaintiff's Motion for Remand in which she seeks an order from this Court remanding to state court all four claims embodied in her complaint alleging violations under the Family Medical Leave Act (counts one and two), the Florida Whistleblower Act (count three), and the Florida Workers' Compensation Act (the FWCA) (count four).  Although the Defendant has not had an opportunity to respond, the Court determines that a response is unnecessary because this Court has previously ruled on the exact same issues presented by the Plaintiff's motion.

In Johnston v. Morton Plant Mease Healthcare, Inc., 2007 WL 570078, at *2 (M.D. Fla 2007), this Court held that a retaliatory claim under the FWCA, as the Plaintiff has alleged in this case in count four, arose under the workers' compensation law of the State of Florida for purposes of 28 U.S.C. § 1445(c) which expressly provides that "[a] civil action in any State court arising under the workman's compensation laws of such State may not be removed to any district

court of the United States." In that case, the Court also determined that only a remand of that claim was appropriate and that the Court would retain jurisdiction over the remaining claims brought under the Florida Civil Rights Act, the Americans with Disabilities Act, and the Family Medical Leave Act. Id., at *3.

The Court sees no reason to deviate from those determinations, especially in light of the fact that other district courts located in the two other districts of the state of Florida have agreed with this Court's analysis and disposition in Johnston. See Hopwood v. Sunrise Ford, Inc., 2012 WL 4985355, at *1-2 (S.D. Fla. 2012); Perdue v. Westpoint Home, Inc., 2007 WL 3202455, at *1-2 and *5  (N.D. Fla. 2007);   Additionally, since the entry of the Court's order in Johnston, a panel of the Eleventh Circuit Court of Appeals in an unpublished opinion concluded, consistent with the case of Reed v. Heil Co., 206 F.2d 1055, 1060-61, that the district court in that case lacked subject matter jurisdiction under § 1445(c) to review a retaliation claim brought under the FWCA.  See Alsanari v. Tropic Star Seafood, Inc., 388 Fed.Appx. 902, 905-06 (11th Cir. 2010); see also Lang v. Thermo-Ply, Inc., 2012 WL 4174892, at *1 (M.D. Fla. 2012) (citing Alsanari in concluding that the court lacked subject matter jurisdiction over retaliation claim brought pursuant to the FWCA and remanding that claim to state court while retaining jurisdiction over the plaintiff's Fair Labor Standards Act claim).

Accordingly, for the reasons expressed, it is ordered and adjudged that Plaintiff's Motion for Remand (Dkt. 8) is granted in part and denied in part.  The Court severs count four of the Plaintiff's complaint and directs the Clerk to remand the FWCA claim embodied in that count to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, for

all future proceedings. The Court will retain jurisdiction over the claims embodied in counts one, two, and three.

      **DONE AND ORDERED** at Tampa, Florida, on January 16, 2014.

      s/*Richard A. Lazzara*
      **RICHARD A. LAZZARA**
      **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record