UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TINA CANALEJO,

    Plaintiff,

v.                                                CASE NO: 8:14-cv-17-T-26MAP

GREAT EXPRESSIONS SPECIALTY OF
FLORIDA, P.A.,

    Defendant.
_____/

# O R D E R

**UPON DUE CONSIDERATION** of the Plaintiff's Motion to Quash, in part, a Subpoena *Duces Tecum* Without Deposition to Plaintiff's Current Employer, or, Alternatively, Motion for a Protective Order (Dkt. 40), and the Brief in Opposition (Dkt. 45), the Court concludes that the motion is due to be granted in part and denied in part, and the hearing on Friday October 24, 2014, is hereby cancelled.

Plaintiff agrees that Defendant is entitled to discovery from her present employer regarding mitigation of damages, which includes pay records and time records. The issue is whether the Defendant is entitled to information in Plaintiff's personnel file at her current employer relating to the application and interviewing process, in addition to her performance after she was hired. In support of its pursuit of her personnel file, Defendant suggests that Plaintiff may not have been forthcoming in her application and job

interview with the reasons she left its employ, and any discrepancies might be revealing.[1] Defendant also anticipates that her personnel file will substantiate that she has demonstrated "poor interpersonal skills" and "ineffective" management skills in her current job.  Neither of these grounds justifies disclosure under the auspices that they are reasonably calculated to lead to the discovery of admissible evidence.  The reasons she gave for leaving Defendant's employ and her evaluations in her current position are not related to the defenses raised in this action for violations of Florida's whistle-blower act and the FLMA associated with contracting an illness from mold at work.  The defenses focus mainly on statutes of limitations, mitigation of damages, waiver and similar theories, failure to take corrective opportunities, failure to give proper statutory notice, and failure to join necessary parties.

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion to Quash, in part, a Subpoena *Duces Tecum* Without Deposition to Plaintiff's Current Employer, or, Alternatively, Motion for a Protective Order (Dkt. 40) is **DENIED** in part and **GRANTED** in part.  The subpoena is quashed as to any documents relating to information from her present employer other than pay and time records to show mitigation of damages.

---

[1] Defendant relies on EEOC v. Rexnord, Indus., LLC, 2012 WL 2525652 (E.D.Wis. Jun. 29, 2012), which is distinguishable.  Rexnord permitted discovery of applications and the interview notes from subsequent employers based on the defense raised that the employee was a "direct threat" to the health and safety of others or to herself based on her seizure disorder.

**DONE AND ORDERED** at Tampa, Florida, on October 22, 2014.

            s/*Richard A. Lazzara*
            **RICHARD A. LAZZARA**
            **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record