UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TINA CANALEJO,

     Plaintiff,

vs.                                  CASE NO. 8:14-cv-17-T-MAP

ADG, LLC,

     Defendant.

_____/

## ORDER

Before the Court is Defendant's motion for reconsideration (doc. 93) of the Court's summary judgment order.[1]  In that order (doc. 84), the Court denied Defendant summary judgment on Plaintiff's claims for violations under the Family Medical Leave Act (counts one and two), and violations under the Florida Whistleblower Act (count three or the "FWA claim"). By the current motion, Defendant contends it is entitled to summary judgment on Plaintiff's FWA claim in light of Florida's Second District Court of Appeal's recent decision in *Kearns v. Farmer Acquisition Co.*, 157 So. 3d 458 (Fla. Dist. Ct. App. 2015).  For the reasons stated, Defendant's motion for reconsideration is denied.

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999).  Accordingly, a party seeking reconsideration must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *SEC v. Seahawk Deep*

---

[1]  The parties consented to my jurisdiction over this matter pursuant to 28 U.S.C. § 636(c) (doc. 88).

*Ocean Tech., Inc.*, 74 F. Supp. 2d 1188, 1192 (M.D. Fla. 1999) (quoting *Cover v. Wal–Mart Stores, Inc.*, 148 F.R.D. 294, 294 (M.D. Fla. 1993)).  Reconsideration is justified only when (1) there has been an intervening change in controlling law; (2) new evidence has become available; or (3) there is a need to correct clear error or prevent manifest injustice.  *Id.*; *see also Wi-Lan Inc. v. HTC Corp.*, 951 F. Supp. 2d 1291, 1291 (M.D. Fla. 2013); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

Defendant contends that The Florida Second District Court of Appeal's recent decision in *Kearns* constitutes an intervening change in controlling law that warrants reconsideration.  In ruling on Defendant's motion for summary judgment on the FWA claim, the Court followed *Aery v. Wallace Lincoln-Mercury, LLC*, 118 So. 3d 904 (Fla. Dist. Ct. App. 2013), for the proposition that, under the FWA, a plaintiff must prove only that he or she had a "good faith, objectively reasonable belief that [his or her] activity is protected by the statute." *Id.* at 916 (quoting *Luna v. Walgreen Co.*, 575 F. Supp. 2d 1326, 1343 (S.D. Fla. 2008)); *Contra White v. Purdue Pharma., Inc.*, 369 F. Supp. 2d 1335, 1339 (M.D. Fla. 2005) (holding that a Plaintiff must prove that the activity, policy, or practice he or she objected to was an actual violation of a law, rule, or regulation).  The Court noted that, when The Florida Supreme Court has not decided an issue, federal courts ruling on issues of Florida law are bound by the decisions of Florida's District Courts of Appeal.  (Doc. 84 at 11.)  Accordingly, the Court was required to follow *Aery* because it was "the only binding Florida authority on the matter." (*Id.* (quoting *Odom v. Citigroup Glob. Mkts., Inc.*, 62 F. Supp. 3d 1330 (N.D. Fla. 2014)).)

Defendant now argues that, after The Florida Second District Court of Appeal's decision in *Kearns*, *Aery* is no longer the only binding Florida authority on the issue.  In *Kearns*, the court stated:

> Based on a plain reading of the FWA and *White*, we agree with the Employer that under section 448.102(3) Kearns must prove that he objected to an actual violation of law or that he refused to participate in activity that would have been an actual violation of law. Thus, we are not persuaded by the Fourth District's opinion in *Aery*.

157 So. 3d at 465.  According to Defendant, this language in *Kearns* creates a split among Florida's appellate courts.  However, as Plaintiff points out, The Florida Second District Court of Appeal's disagreement with *Aery* is merely dicta.  The *Kearns* decision notes, "[T]he issue of which standard applies is not determinative because we conclude Kearns presented evidence that, when viewed in the light most favorable to him, establishes an actual violation of the law." *Id.*

"[D]icta is not binding on anyone for any purpose."  *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1298 (11th Cir. 2010) (citing *McNely v. Ocala Star–Banner Corp.*, 99 F.3d 1068, 1077 (11th Cir. 1996) ("[W]e are not required to follow dicta contained in our own precedents . . . ."); *Great Lakes Dredge & Dock Co. v. Tanker Robert Watt Miller*, 957 F.2d 1575, 1578 (11th Cir. 1992) (because what is said in a prior opinion about a question not presented there is dicta, and dicta is not binding precedent, a later panel is "free to give that question fresh consideration")).  Therefore, *Kearns* does not constitute an intervening change in controlling law on whether the FWA requires a plaintiff to prove an actual violation.  Accordingly, Defendant has not justified reconsideration of the Court's summary judgment order.  After consideration, it is ORDERED:

1.      Defendant's motion for reconsideration (doc. 93) is DENIED.

DONE AND ORDERED at Tampa, Florida on August 19, 2015.


_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE